**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK BAIAMONTE, | Civil Action No. 09-846 (RBK) |
| Petitioner, |  |
| v. | **O P I N I O N** |
| BURLINGTON COUNTY BOARD OF CHOSEN FREEHOLDERS, et al., |  |
| Respondents. |  |

**APPEARANCES:**

    Mark Baiamonte, Petitioner pro se
    #49207
    Burlington County Jail
    P.O. Box 6000
    Mt. Holly, New Jersey 08060

**KUGLER, District Judge**

    Petitioner, Mark Baiamonte, currently confined at the Burlington County Jail, Mt. Holly, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, complaining about the conditions of his confinement. The named respondents include the Burlington County Board of Chosen Freeholders, Warden Coxx, and the Attorney General of the State of New Jersey.

    For the reasons set forth below, this Court will dismiss the federal habeas petition, and direct that a new docket be opened as a civil complaint.

**DISCUSSION**

In the petition, Petitioner complains that he is disabled, but housed in a "non-disabled" facility; is in constant fear for his life; had two severe falls; is served cold food; is constantly locked down despite not being on disciplinary status; since he is wheelchair-bound he is not afforded the same liberties as other inmates; is not being afforded proper medical care; and is denied access to the law library. (See Petition, ¶ 12).

United States Code Title 28, Section 2254 provides in relevant part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Petitioner is proceeding pro se in his

application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

In Preiser v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court left open the question whether a habeas petition is available to challenge prison conditions.  411 U.S. at 499-500.  The Court of Appeals for the Third Circuit has held, however, that a district court does not have subject matter jurisdiction over a habeas petition that does not challenge the fact or duration of confinement.  See Royce, 151 F.3d at 118.

"The label placed on a petition, however, is not determinative."  Id.  A mis-labeled petition "should not be dismissed until other legitimate avenues of relief are administered."  Id.

Here, Petitioner is challenging the conditions of his confinement, not the fact or duration of his custody or conviction.  Therefore, the present action can be brought only as a civil action, not a habeas corpus action under § 2254.  Accordingly, the Court does not have subject matter jurisdiction under § 2254 to consider Petitioner's habeas application.

Pursuant to the rule announced in Royce, however, the Court will direct the Clerk of the Court to docket the matter as a separate civil action.  If Petitioner seeks to proceed with a separate civil complaint, then he must file the appropriate

filing fee of $350.00 for civil complaints, or submit a proper application to proceed *in forma pauperis*.

## **CONCLUSION**

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed for lack of subject matter jurisdiction. The present docket will be closed, and a new docket will be opened for further proceedings with respect to the civil claims concerning the conditions of Petitioner's confinement. An appropriate Order accompanies this Opinion.

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: March 11, 2009

4